**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

CHARLES T. WADDELL,

              Plaintiff,                            Case No. 1:15-cv-130

       v.                                 Barrett, J.
                                        Bowman, M.J.

KEITH BENNETT, et al.,

              Defendants.


**REPORT AND RECOMMENDATION**

### I. Background

On May 1, 2015, while incarcerated at the Cumberland Federal Correctional Institution, Plaintiff Charles T. Waddell initiated this lawsuit pro se and *in forma pauperis* by filing a complaint against U.S. Marshal Keith Bennett, the Butler County Sheriff, the Acting Sheriff, and the Jail Administrator. In his complaint, Plaintiff alleges that, in September 2013, shortly after his arrest and during his pretrial detention, the Defendants placed Plaintiff in an "unsafe confinement area after a major surgery, by not providing him with a bottom bunk permit, or placing him in the medical unit" as well as by failing to provide him adequate medical care, which resulted in Plaintiff breaking his foot. Plaintiff further alleges that he was required to wait for approximately a week, during which time he was forced to walk on the broken foot, before his foot was x-rayed and treatment was provided.

-1-

On June 1, 2015, Plaintiff filed a motion seeking discovery, in which he explained that Keith Bennett may be an improperly identified Defendant.  (Doc. 8).  Although the motion was denied as procedurally improper, (Doc. 9), the Court notes that summons was subsequently returned unexecuted as to Keith Bennett, (Doc. 13), and Plaintiff has never identified a substitute Defendant.  In addition, beginning on June 25, 2015, all mail sent to Plaintiff has been returned as undeliverable.  (Docs. 10, 15).  The Court takes judicial notice that Bureau of Prison records reflect that Plaintiff was released from federal custody on June 2, 2015, with no forwarding address provided.

**II.  Pending Motion To Dismiss**

**A.  Butler County Defendants**

On June 29, 2015, the Butler County Defendants (Butler County Sheriff, Acting Sheriff and Jail Administrator) filed a joint motion to dismiss Plaintiff's claims against them for failing to state any cognizable official capacity or individual capacity claims. When Plaintiff failed to file any timely response to that motion, the undersigned directed him to "show cause" why the Defendants' motion should not be granted as unopposed, for the reasons stated.  Plaintiff also has failed to respond to the show cause order, and the time for doing so has expired.

As Defendants' motion points out, Plaintiff makes no specific allegations against any of the three Butler County Defendants, nor does he allege that any specific policy or procedure was the moving force behind any claimed constitutional violation.  The only individuals referenced in Plaintiff's complaint that would appear to have any connection with his claims are "medical staff" and "placement officers" whom he alleges he told about his medical conditions, as well as an "intake officer" who allegedly denied his

-2-

request for a bottom bunk.  All three of the Butler County Defendants appear to have been named in their individual capacities based solely on the offices they hold, as supervisors.  However, it is well-established that a defendant's liability under 42 U.S.C. §1983 cannot be based upon his role as a supervisor, since the doctrine of *respondeat superior* does not apply to §1983 claims.    Moreover, Defendants are correct that in order to prevail in a suit against Butler County, Plaintiff was required to have alleged that the violation of his federal rights was caused by a policy or custom.  *See generally Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005).  Plaintiff's complaint, no matter how liberally construed, does not come close to alleging any policy or custom on the part of Butler County relating to any alleged violation of Plaintiff's constitutional rights.

### B.  U.S. Marshal Keith Bennett

Although U.S. Marshal Keith Bennett has not been served (due to Plaintiff's failure to provide accurate information), Plaintiff has previously admitted that he may not be a proper Defendant.  In fact, upon *sua sponte* review, it appears that no possible claims have been stated against Defendant Bennett as there are no allegations against him at all contained in the complaint.

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual

-3-

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).  Plaintiff's complaint against Defendant Bennett should be dismissed under this standard.

### C.  Failure to Prosecute

Last, the entirety of Plaintiff's complaint is subject to dismissal for failure to prosecute, given Plaintiff's failure to keep this Court apprised of his current address.

The prison address used by this Court is the only address that Plaintiff has ever provided since initiating this litigation more than nine months ago.   It is incumbent upon any litigant, including a *pro se* litigant, to keep the Court apprised of his or her current address.   While some latitude may be extended to *pro se* litigants "when dealing with sophisticated legal issues...there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991).   In order to pay heed to a defendant's right to fair and timely resolution of litigation, *pro se* litigants should not be "accorded special consideration" when they fail to adhere to readily-comprehended court deadlines. *See id.*, 951 F.2d at 110.

Under Rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss any case for "failure of the plaintiff to prosecute or to comply with the rules or order of the court...."   Unless the court orders otherwise, a dismissal for failure to prosecute pursuant to Rule 41(b) is an adjudication on the merits that is to be given preclusive

effect, barring subsequent actions based on the same allegations.   *See Bragg v. Flint Bd of Educ.*, 570 F.3d 775 (6th Cir. 2009).

Without such basic information as a current address from a would-be plaintiff, a court has no recourse but to dismiss a complaint for failure to prosecute.  *See, e.g., Whittaker v. Hilltop Records*, 2009 WL 2734052 (S.D. Ohio Aug. 27, 2009)(dismissal of *pro se* plaintiff); *Buck v. U.S. Dept. of Agriculture, Farmers Home Admin.,* 960 F.2d 603, 608-609 (6th Cir. 1992)(dismissal upheld in part due to counsel's failure to advise court of change of address).

**III. Conclusion**

For all the reasons stated herein, **IT IS RECOMMENDED THAT** Defendants' pending motion to dismiss (Doc. 11) be GRANTED, that Plaintiff's case be **DISMISSED IN ITS ENTIRETY WITH PREJUDICE** for failure to state any cognizable non-frivolous claim against any Defendant, and for failure to prosecute, and that this case be **CLOSED**.

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

-5-

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

CHARLES T. WADDELL,

        Plaintiff,                                Case No. 1:15-cv-130

      v.                                      Barrett, J.
                                                      Bowman, M.J.

KEITH BENNETT, et al.,

        Defendants.

**NOTICE**

      Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).